ment was for plaintiff and defendant appealed, alleging error to the trial judge (KERSHAW) "in holding that the plaintiff's action was upon the new promise implied from the payments recited in the complaint, and for error in not holding that the action was simply upon the note, and was therefore barred by the statute."

*N. W. Hardin*, for appellant.  *Finley & Brice*, contra.

March 15, 1892.  The opinion of the court was delivered by MR. JUSTICE MCGOWAN, who said that the balance remaining unpaid on the note after the credit of May, 1886, was recoverable until May, 1892.  "But how should it be recovered?  This court has held that such *promise* in writing does not revive the balance of the old note, which is barred and dead, but is a new promise to pay what remains unpaid of the old debt, and that, to be recovered, it must be expressly and in terms sued upon, as such *new promise*.  See *Fleming* v. *Fleming*, 33 S. C., 510.  I am not able to distinguish the case now before us from that, and therefore there must be a new trial."

MR. CHIEF JUSTICE MCIVER (the only other justice who heard the case) said: "I concur.  It should be observed that there is no allegation in the complaint that the alleged payments were made by the defendant; and this case, therefore, is precisely like the case of *Fleming* v. *Fleming*."

Judgment reversed and case remanded for a new trial.

No. 2904.  JAMES v. SPANN.  November Term, 1891.  This was an appeal from an order of Judge FRASER overruling a demurrer that the complaint "was without equity and failed to state facts sufficient to constitute a cause of action."  The plaintiff was executor.  The case will be understood from the statement and ruling of the Supreme Court, which were as follows: "While a copy of the complaint, as well as the Circuit decree, is set out in the 'Case,' we do not find any copy of the will, which seems to have been made an exhibit to the complaint.  We cannot undertake to say, therefore, that there was any error on the part of the Circuit Judge in holding that 'the statement of facts in the complaint is sufficient to show such complications in the affairs of the estate of the testator as to require the aid, order, and direction of this court in the administration.'  The will having been made a part of the complaint, was, of course, before the Circuit

Judge, but it is not before us, and we know nothing of its provisions, except as they are briefly stated in general terms in the complaint. We do, however, find enough in the complaint, as it is set out in the 'Case,' to warrant the conclusion of the Circuit Judge that there seemed to be such a complication in the affairs of the estate as to require the aid of the court in the proper administration thereof. Here was an estate consisting of a small amount of personalty and a considerable amount of realty, which the testator had undertaken to dispose of by specific as well as residuary devises amongst a large number of persons; and his accounts as committee of a lunatic, extending over a long period of time, as well as his accounts as administrator of another estate, had never been adjusted. These things, together with the fact that there seems to have been disputes as to some of the devises, tend to show that the application of the plaintiff for the aid of the court in administering the estate of his testator according to the terms of his will was not unwarranted.

Judgment affirmed. OPINION by MR. CHIEF JUSTICE MC-IVER, March 18, 1892. *Lee & Moise*, for appellant. *Blanding, Wilson & Fraser*, contra.

No. 2947. LAND MORTGAGE &C. COMPANY *v.* WILLIAMS. November Term, 1891. This was a petition for a rehearing of the decision rendered by this court, *ante* 367. The ground of the petition was that the answer made a specific denial of the allegation of incorporation, and that this court erred in not so finding.

April 26, 1892. The following order was passed

PER CURIAM. We see nothing in this petition tending to show that any material fact or principle of law has either been overlooked or disregarded, and therefore there is no ground for a rehearing. It is ordered, that the petition be dismissed.

No. 2963. MUNRO *v.* LONG. November Term, 1891. This was a petition for the rehearing of the decision by this court to be found on pages 358–361 of this volume. The petition was refused PER CURIAM June 15, 1892, by an order in the usual form in such cases.